IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **MARILYN JONES,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**EC BURNING TREE ACQUISITION, LLC, ENVOLVE COMMUNITY MANAGEMENT, LLC, DEBORAH BLOCKMON, and DANA POLSTON,**<br><br>    **Defendants.** | No. 3:25-cv-00682<br>**Judge Campbell**<br>**Magistrate Judge Frensley** |

## FIRST AMENDED COMPLAINT

1. This is an action seeking relief for discrimination on the basis of disability in the rental of housing pursuant to the Fair Housing Act, as amended, 42 U.S.C. § 3601 *et seq* ("FHA"). Defendants discriminated against Ms. Marilyn Jones by unlawfully failing to grant her request for an assigned parking space near the entrance to her apartment as a reasonable accommodation necessary due to her mobility disability.

### I. JURISDICTION AND VENUE

2. The Court has jurisdiction pursuant to 42 U.S.C. § 3613 and 28 U.S.C. § 1331.

3. Venue is proper under 28 U.S.C. § 1391(b) in that the claim arose in this District and Defendants conduct business in this District.

### II. PARTIES

4. Plaintiff Marilyn Jones is a former resident of Burning Tree Apartments. Ms. Jones has a mobility disability. At all times relevant to this Complaint, Ms. Jones was a person with a

disability as defined by the FHA.[1] Ms. Jones is a resident of Montgomery County, Tennessee.

5. Defendant EC Burning Tree Acquisition, LLC is the owner of Burning Tree Apartments.

6. Defendant Envolve Community Management, LLC, is the property management company that manages and/or operates Burning Tree Apartments.

7. At all times relevant to the events in this Complaint, Defendant Deborah Blockmon was the property manager at Burning Tree Apartments.

8. At all times relevant to the events in this Complaint, Defendant Dana Polston was a regional property manager whose portfolio of properties including Burning Tree Apartments.

9. At all times relevant to the events in this Complaint, Defendant Polston supervised Defendant Blockmon.

10. At all times relevant to the events in this Complaint, Defendants Polston and Blockmon were employees and/or agents of Defendants EC Burning Tree Acquisition, LLC and Envolve Community Management, LLC.

### III. STATEMENT OF FACTS

11. Burning Tree Apartments is located at 345 Burning Tree Drive, Hermitage, Tennessee 37076.

12. Ms. Jones resided at Burning Tree Apartments from December 2, 2020, to July 31, 2022.

13. Ms. Jones has a mobility disability.

---

[1] The FHA uses the term "handicap" instead of the term "disability." Both terms have the same legal meaning. *See Bragdon v. Abbott*, 524 U.S. 624, 631 (1998) (noting that definition of "disability" in the Americans with Disabilities Act is drawn almost verbatim "from the definition of 'handicap' contained in the Fair Housing Amendments Act of 1988"). We use herein the preferred term "disability."

14. At all times relevant to this action, Ms. Jones had a mobility disability.

15. At all times relevant to this action, Ms. Jones had a physical impairment which substantially limited her ability to walk.

16. Symptoms of Ms. Jones' disability include pain and swelling in both of her feet and ankles.

17. During the time she resided at Burning Tree Apartments, Ms. Jones began wearing a CAM boot on her left foot.

18. Parking at Burning Tree Apartments was generally available on a first-come, first-served basis.

19. When Ms. Jones first moved into her apartment at Burning Tree Apartments, there was an accessible parking space in front of her building that was available for the use of any resident who had a state-issued disabled parking placard.

20. Because she had a state-issue disabled parking placard, Ms. Jones regularly parked in the accessible parking space in front of her building.

21. However, in approximately September or October of 2021, two new residents who also had state-issued disabled parking placards moved into Ms. Jones's building.

22. When other residents parked in the accessible parking space in front of her building, Ms. Jones often did not have access to any parking spaces near the entrance to her apartment, forcing her to park farther away and walk a longer distance to get from her car to her apartment or vice versa.

23. In approximately September or October 2021, Ms. Jones requested Defendants assign her a parking space close to her apartment as a reasonable accommodation necessary due to her mobility disability. Ms. Jones made this request verbally to Defendant Blockmon in the

3

leasing office.

24. Ms. Jones's disability was apparent.

25. Ms. Jones's disability-related need for an assigned parking space close to her apartment was apparent.

26. Upon information and belief, Ms. Blockmon was aware that Ms. Jones used a state-issued disabled parking placard.

27. Upon information and belief, Ms. Blockmon saw Ms. Jones's car parked in the accessible space at the front of her building.

28. Upon information and belief, Ms. Blockmon saw Ms. Jones using her prescribed CAM boot.

29. Upon information and belief, Ms. Blockmon saw Ms. Jones have difficulty walking due to her disability.

30. During the approximately 10 months between the time Ms. Jones first requested an assigned accessible parking space close to her apartment and when she moved out on July 31, 2022, Defendants never granted her reasonable accommodation request.

31. During the approximately 10 months between the time Ms. Jones first requested an assigned accessible parking space close to her apartment and when she moved out on July 31, 2022, Ms. Jones regularly requested an update on the status of her request from Defendant Blockmon and/or Defendant Polston.

32. During the approximately 10 months between the time Ms. Jones first requested an assigned accessible parking space close to her apartment and when she moved out on July 31, Defendant Blockmon and/or Defendant Polston repeatedly told Ms. Jones that her request was being considered by the corporate office and that she should expect a decision soon.

33. During the approximately 10 months between the time Ms. Jones first requested an assigned accessible parking space close to her apartment and when she moved out on July 31, 2022, Defendants never granted her reasonable accommodation request.

34. Defendants failed to grant Ms. Jones's reasonable accommodation request within a reasonable period of time.

35. Defendants' failure to grant Ms. Jones's reasonable accommodation request within a reasonable period of time was, in effect, a denial of Ms. Jones's request.

36. Ms. Jones moved out of her apartment at Burning Tree Apartments on July 31, 2022.

## IV. CAUSE OF ACTION

### VIOLATION OF THE FAIR HOUSING ACT
### [42 U.S.C. § 3601 et seq.}

37. Ms. Jones hereby incorporates the paragraphs above by reference as if fully set forth herein.

38. The Fair Housing Act makes it unlawful to discriminate in the provision of housing because of an individual's disability. 42 U.S.C. § 3604(f)(1).

39. The Fair Housing Act further defines discrimination because of disability to include a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford a person with a disability equal opportunity to use and enjoy a dwelling. 42 U.S.C. § 3604(f)(3)(B).

40. Ms. Jones is afforded protection from discrimination on the basis of disability because, during all times relevant to this Complaint, she had a physical impairment which impaired her major life activity of walking. *See* 42 U.S.C. § 3602(h)(1).

41. Ms. Jones's mobility disability was apparent.

42. Ms. Jones's request for an assigned parking space close to her apartment was a request for a reasonable accommodation.

43. Ms. Jones's requested accommodation was reasonable and necessary to afford her an equal opportunity to use and enjoy her dwelling.

44. The requested accommodation would not have imposed an undue financial or administrative burden on Defendants or required a fundamental alteration in the nature of their operations.

45. Defendants discriminated against Ms. Jones in violation of the Fair Housing Act by failing to make the reasonable accommodation she requested.

46. Defendants discriminated against Ms. Jones in violation of the Fair Housing Act by unreasonably delaying their response to Ms. Jones's request for a reasonable accommodation.

47. Defendants discriminated against Ms. Jones in violation of the Fair Housing Act by constructively denying her request for a reasonable accommodation.

48. As a result of Defendants' actions described herein, Ms. Jones incurred damages including (1) physical pain and suffering; (2) severely diminished enjoyment of her home at Burning Tree Apartments; and (3) emotional distress.

## V. PRAYER FOR RELIEF

WHEREFORE, Ms. Jones requests that this Court grant the following relief:

a. Declare Defendants' conduct against Ms. Jones unlawful discrimination in violation of the Fair Housing Act;

b. Award Ms. Jones compensatory damages;

c. Award Ms. Jones reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 3613(c)(2) and all applicable statutory and/or common law bases; and

d. Award such other and further relief as this Court deems equitable, just, and proper.

Respectfully submitted,

s/ Martha M. Lafferty
Martha M. Lafferty, BPR #019817
Tennessee Fair Housing Council
P.O. Box 290452
Nashville, TN 37229
(615) 874-2344
martie@tennfairhousing.org

CERTIFICATE OF SERVICE

The undersigned hereby certifies that the following have been served via U.S. Mail and/or through this Court's CM/ECF system:

Jennie Silk
Baker Donelson Bearman Caldwell & Berkowitz, PC
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Counsel for Defendant Envolve Community Management, LLC and
Defendant EC Burning Tree Acquisition, LLC

Deborah Blockmon
612 Lenore Street
Nashville, TN 37206

Dana Polston
8316 Nathan Ave.
Norfolk, VA 23518

Dated: July 11, 2025

s/ Martha M. Lafferty
Martha M. Lafferty, BPR #019817