# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| MARILYN JONES, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 3:25-cv-00682 |
| EC BURNING TREE ACQUISITION, LLC, ENVOLVE COMMUNITY MANAGEMENT, LLC, DEBORAH BLOCKMON, and DANA POLSTON, | ) JUDGE CAMPBELL<br>) MAGISTRATE JUDGE<br>) FRENSLEY |
| Defendants. | ) |

## DEFENDANTS' ANSWER TO COMPLAINT

Defendants EC Burning Tree Acquisition, LLC ("EC Burning Tree"), Envolve Community Management, LLC ("Envolve"), Deborah Blockmon ("Blockmon"), and Dana Polston ("Polston") (collectively, "Defendants") hereby file this Answer to the First Amended Complaint ("Complaint") filed by Plaintiff Marilyn Jones ("Jones" or "Plaintiff"). Defendants deny each and every allegation of the Complaint not expressly admitted below.

Using the same headings and paragraph numbers for convenience, Defendants answer as follows:

1. The first sentence of Paragraph 1 contains characterizations of Plaintiff's Complaint and/or legal conclusions to which no responsive pleading is required and are therefore denied. Defendants deny the remaining allegations in Paragraph 1.

1

4918-5353-7364
Case 3:25-cv-00682   Document 16   Filed 07/25/25   Page 1 of 9 PageID #: 41

## I. JURISDICTION AND VENUE

2. Defendants admit that this Court has jurisdiction pursuant to 28 U.S.C. § 1331, but Defendants deny the remaining allegations in Paragraph 2.

3. Admitted.

## II. PARTIES

4. Admitted only that Plaintiff is a former resident of Burning Tree Apartments. Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's county and state of residence, and therefore, this allegation is denied. The remaining allegations in Paragraph 4 are legal conclusions to which a response is not required and are, therefore, denied.

5. Admitted.

6. Admitted.

7. Denied as stated. Defendant Blockmon was the Assistant Manager at Burning Tree Apartments.

8. Denied.

9. Denied.

10. Denied as stated. Deborah Blockmon was an employee of the property. Dana Polston was an employee of Envolve Community Management, LLC.

## III. STATEMENT OF FACTS

11. Admitted.

12. Admitted.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and therefore deny the same.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and therefore deny the same.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and therefore deny the same.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and therefore deny the same.

17. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint and therefore deny the same.

18. Admitted.

19. Admitted.

20. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint and therefore deny the same.

21. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint and therefore deny the same.

22. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint and therefore deny the same.

23. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint and therefore deny the same.

24. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint and therefore denies the same.

25. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint and therefore denies the same.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied. In further response, Defendants state that Plaintiff never provided Defendants with the paperwork required in order to start addressing any request for accommodations.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Admitted.

## IV.    CAUSE OF ACTION

### VIOLATION OF THE FAIR HOUSING ACT
### [42 U.S.C. § 3601 et seq.]

37. Defendants incorporate by reference their answers to the foregoing paragraphs with the same force and effect as if they had been fully stated herein.

38. The allegations in Paragraph 38 contain legal conclusions to which no responsive pleading is required.

39. The allegations in Paragraph 39 contain legal conclusions to which no responsive pleading is required.

40. The allegations in Paragraph 40 contain legal conclusions to which no responsive pleading is required. To the extent a response is deemed required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint and therefore deny the same.

41. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint and therefore deny the same.

42. The allegations in Paragraph 42 contain legal conclusions to which no responsive pleading is required. To the extent a response is deemed required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint and therefore deny the same.

43. The allegations in Paragraph 43 contain legal conclusions to which no responsive pleading is required. To the extent a response is deemed required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint and therefore deny the same.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied. Moreover, Defendants expressly deny that Plaintiff is entitled to any award of damages against Defendants upon any theory of law alleged in the Complaint.

* * *

Furthermore, responding to the section of the Complaint entitled "V. PRAYER FOR RELIEF" and beginning with the term "WHEREFORE," Defendants deny all allegations contained therein, including each subpart. Specifically, Defendants deny that Plaintiff is entitled to any award of damages against Defendants upon any theory of law alleged in the Complaint. Defendants separately demand a trial by jury.

Any and all other allegations in the Complaint not specifically admitted, explained, or denied herein are hereby denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff has failed to sufficiently allege any factual allegations indicating discrimination on the basis of disability by Defendants, and therefore her claim for violation of the Fair Housing Act should be dismissed. After investigating Plaintiff's Fair Housing Act claim, the U.S. Department of Housing and Urban Development ("HUD") determined that no reasonable cause existed to believe that a discriminatory housing practice occurred.

3. Plaintiff has suffered no injury or damage whatsoever, and she has failed to state any claim for relief whatsoever with this Complaint. To the extent Plaintiff has incurred legal injury or damage or has stated a colorable claim for any relief with this Complaint, such damage or claim for relief was caused by the negligence or fault of others for which Defendants are not responsible.

4. Plaintiff breached several terms in her Lease Agreement with Defendants. As a result, Defendants decided not to renew Plaintiff's lease upon termination on July 31, 2022. This decision was based on conduct including, but not limited to, the following:

    a. Plaintiff was parking her commercial work vehicle across both handicap parking and adjoining parking spaces. Plaintiff's personal vehicle was inoperable and parked in a similarly obstructive manner. Plaintiff's improper use of parking spaces hindered other residents, their families, and/or guests from using the handicap parking spaces and the parking located closest to the building.

    b. Plaintiff became hostile toward Defendant Polston following receipt of the notice of lease violations.

    c. Defendants received a complaint that Plaintiff physically assaulted another resident in the parking lot.

5. Plaintiff lacks standing to sue in this matter for (1) the removal of alleged barriers she did not encounter, (2) alleged barriers that she encountered but did not cause her an injury in fact, and/or (3) alleged barriers which were unrelated to her alleged disability.

6. Envolve affirmatively denies that it or its employees and/or agents were at fault in any way that directly or proximately caused or contributed to the injuries and damages alleged to have been sustained by Plaintiff.

7. At all times, Defendants conducted their practices in good faith and in accordance with all applicable statutes, laws, codes, rules, regulations, etc., and without malice or discriminatory intent.

8. Defendants' conduct toward Plaintiff was lawful, reasonable, made in good faith, and based on legitimate, non-discriminatory and non-retaliatory reasons.

9. The Complaint includes allegations of statutory violation for which there is no evidentiary support, including alleged conditions or barriers to accessibility which Plaintiff could not and in fact did not personally observe.

10. Plaintiff's Complaint is barred by the doctrine of unclean hands.

11. Plaintiff's Complaint is barred by the doctrine of laches.

12. To the extent that Plaintiff's claimed damages are not reasonable or necessary, or that Plaintiff did not actually incur the services for claimed medical expenses arising from the incident described in the Complaint, Defendants assert that such expenses are not provable nor recoverable at the trial of this matter.

13. Plaintiff's injuries and damages, if any, resulted from independent, intervening and/or superseding causes and not from the acts or omissions of Envolve.

14. Plaintiff's injuries and damages, if any, resulted from and were caused by known and unknown bodily processes or other causes unrelated to and not caused by any negligence on the part of Defendants.

15. Plaintiff unreasonably failed to mitigate the damages alleged.

16. Plaintiff's actions are barred by the applicable statute of limitations.

17. Defendants specifically reserve the right to amend its Answer, including the right to assert additional Affirmative Defenses, pending the completion of its investigation and the discovery proceedings in this action.

AND NOW HAVING ANSWERED insofar as it is advised at this time, Defendants pray that the Complaint against it be dismissed with prejudice and that it be awarded its costs and expenses in defending the action.

Dated: July 23, 2025

>                            Respectfully submitted,
>
>                            **BAKER, DONELSON, BEARMAN,**
>                            **CALDWELL & BERKOWITZ, PC**
>
>                             */s Kelsey W. McKinney*
>                            Kelsey W. McKinney (TN #40434)
>                            Jennie Vee Silk (TN #35319) (Admitted Pro Hac Vice)
>                            165 Madison Avenue, Suite2000
>                            Memphis, Tennessee 38103
>                            (901) 526-2000
>                            jsilk@bakerdonelson.com
>                            kmckinney@bakerdonelson.com
>
>                            *Attorneys for Defendants EC Burning Tree Acquisition, LLC, Envolve Community Management, LLC, Deborah Blockmon, and Dana Polston*

## CERTIFICATE OF SERVICE

       I, Jennie Silk, certify that on July 23, 2025, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system:

       */s Kelsey W. McKinney*
       Kelsey W. McKinney